UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CARLOS CORDERO PELICO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>POLLY KAISER, et al.,<br><br>Defendants. | Case No. 25-cv-07286-EMC   (EMC)<br><br>**ORDER GRANTING PETITIONERS'** ***EX PARTE*** **MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Docket No. 5 |

Before the Court is Petitioners' *Ex Parte* Motion for Temporary Restraining Order. TRO Mot., ECF Nos. 5- 6. On August 28, 2025, Petitioners filed a Petition for Writ of Habeas Corpus against Respondents Acting Field Office Director Polly Kaiser, Acting Director of Immigration and Customs Enforcement Todd M. Lyons, Secretary of the Department of Homeland Security Kristi Noem, and United States Attorney General Pamela Bondi. ECF No. 1. On August 29, 2025, Petitioners filed an *Ex Parte* Motion for Temporary Restraining Order. ECF Nos. 5-6. Respondents opposed. *See* ECF No. 9. Petitioners ask this Court to (1) order their immediate release from Respondents' custody pending these proceedings, (2) enjoin Respondents from re-detaining them, and (3) enjoin Respondents from transferring them out of this District or deporting them during the pendency of the underlying proceedings. *See* TRO Mot., ECF No. 6.

For the foregoing reasons, the TRO is **GRANTED** as modified below.

## I.   BACKGROUND

According to the record before the Court, Petitioners are five non-citizens. Petitioners Adriana Patricia Lezcano Rondon and Fredy Andres Reyes Gonzales are asylum seekers from Columbia. Pet. for Writ of Habeas Corpus ¶ 10, 13, ECF No. 1. Petitioners Yessica Alejandra

Malagon Torres and Jacqueline Karina Mendoza Nunez are asylum seekers from Nicaragua. *Id.* ¶ 11, 12. Petitioner Jose Carlos Cordero Pelico is a Guatemalan national. *Id.* ¶9. When each of Petitioner arrived in the United States, he or she was apprehended by immigration officials at the border. *Id.* ¶ 51- 56. There, federal official determined that each petitioner "posed little if any flight or danger to the community and released [them] into the community to wait for [an] immigration court date." *Id.* Since that time, Petitioners have complied with the terms of their release. *Id.* Petitioners have "no criminal history anywhere in the world." *Id.*

On August 28, 2025, Petitioners appeared in-person in San Francisco Immigration Court for master calendar hearings. *Id.* ¶ 57. In each case, the government moved to dismiss its case seeking each Petitioner's removal. *Id.* Except in the case of Petitioner Nunez, the presiding judge did not grant the motions; instead, he gave each of Petitioners time to respond to the motion and continued their hearings. *Id.*; ECF No. 9 at 7. When Petitioners exited the courtroom, Immigration and Customs Enforcement ("ICE") agents immediately arrested Petitioners. ECF No. 1 ¶ 58. Petitioners are currently being detained at 630 Sansome Street in San Francisco, California. *Id.*

On August 28, 2025, this Petition was filed. Soon after filing the habeas petition, Petitioners' counsel provided notice of the Petition and a forthcoming motion for a TRO, along with a copy of the Petition, to Respondents' counsel. Decl. of Jordan Weiner ¶¶ 5, ECF No. 6-3. The next morning, counsel provided Respondent's counsel with a copy of the TRO motion and supporting documents. *Id.* In the motion for TRO, Petitioners contend that their arrest and detention violate the Due Process Clause of the Fifth Amendment, both substantively (because Respondents allegedly have no valid interest in detaining them) and procedurally (because they were not provided with a pre-detention bond hearing). On August 29, Respondents filed a response, arguing that Petitioners have not met the standard for a temporary restraining order because they are subject to mandatory detention under 8 U.S.C. § 1225 and lack a cognizable liberty interest. *See* ECF No. 9.

## II.    LEGAL STANDARD

The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Thus, a party seeking a temporary restraining order must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. A "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

## III.    DISCUSSION

Petitioners have demonstrated a likelihood of success on the merits of their claim that their ongoing detention violates their procedural due process rights under the Fifth Amendment. Petitioners have a substantial interest in remaining out of custody, and the Due Process Clause entitles Petitioners to a bond hearing before an immigration judge prior to any arrest or detention. *Pinchi v. Noem*, No. 25-cv-05632-PCP, 2025 WL 2084921, at *2-6 (N.D. Cal. July 24, 2025) (applying the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976) to similar circumstances); *see also Pablo Sequen v. Kaiser*, No. 25-cv-06487-PCP, 2025 WL 2203419, at *2

3

(N.D. Cal. Aug. 1, 2025) (collecting cases).

Petitioners have also demonstrated a likelihood of irreparable injury in the absence of temporary relief. The likely unconstitutional deprivation of liberty that Petitioner faces is an immediate and irreparable harm. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)); *see also Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005). "[I]t follows inexorably from [the] conclusion" that Petitioners' detention without a hearing is "likely unconstitutional" that they have "also carried [their] burden as to irreparable harm." *Hernandez*, 872 F.3d at 995.

The final two *Winter* factors, the balance of the equities and public interest, also weigh heavily in favor of granting temporary relief. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up); *see Melendres*, 695 F.3d at 1002 ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights." (quotation omitted)); *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution."). As other courts in this district and others have concluded under similar circumstances, "the potential harm to [Petitioner] is significant, while the potential harm to the government is minimal." *Pablo Sequen*, 2025 WL 2203419, at *3. At most, the government faces a short delay in detaining Petitioners if it ultimately demonstrates, by clear and convincing evidence, that their detentions are necessary to prevent danger to the community or flight. *See Jorge M. F.*, 2021 WL 783561, at *3; *Diaz v. Kaiser*, No. 25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025). The government is not "harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). Faced with "a conflict between [administrative] concerns and preventable human suffering, [the Court has] little difficulty concluding that the balance of hardships tips decidedly in [Petitioners'] favor."

*Hernandez*, 872 F.3d at 996) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983)).

A TRO immediately releasing Petitioners is appropriate to return them to the status quo. *E. Bay Sanctuary Covenant*, 932 F.3d at 779. The status quo refers to "the last uncontested status which preceded the pending controversy." *Doe v. Noem*, 778 F. Supp. 3d 1151, 1166 (W.D. Wash. 2025) (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)). That is the moment prior to Petitioners' likely illegal detention. *See Kuzmenko v. Phillips*, No. 25-cv-00663, 2025 WL 779743, at *2 (E.D. Cal. Mar. 10, 2025) (granting a temporary restraining order requiring immediate release of the petitioner back to home confinement from custody, as a restoration of the status quo).

Because Petitioners satisfy all requirements for temporary injunctive relief and such relief is necessary to restore the status quo, the TRO Motion is granted as detailed below. This Order accords with many other recent grants of temporary relief in similar circumstances. *See, e.g.*, *Aceros v. Kaiser*, No. 25-cv-06924, 2025 WL 2453968, at *3 (N.D. Cal. Aug. 16, 2025) (granting temporary restraining order); *Alva v. Kaiser*, No. 25-cv-06676, 2025 WL 2294917, at *3 (N.D. Cal. Aug. 7, 2025) (same); *Ramirez-Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2097467, at *4 (N.D. Cal. July 25, 2025) (same); *Pinchi v. Noem*, No. 25-cv-05632, 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025) (granting temporary restraining order requiring release of asylum seeker and a pre-detention bond hearing before re-arrest); *Singh*, 2025 WL 1918679, at *10 (granting preliminary injunction); *Doe v. Becerra*, No. 25-cv-647-DJC-DMC, 2025 WL 691664, at *8 (E.D. Cal. Mar. 3, 2025) (granting temporary restraining order); *see also Diaz*, 2025 WL 1676854 (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody five years); *Garcia v. Bondi*, No. 25-cv-5070, 2025 WL 1676855, at *3 (N.D. Cal. June 14, 2025) (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody six years ); *Enamorado v. Kaiser*, No. 25-cv-4072-NW, 2025 WL 1382859, at *3 (N.D. Cal. May 12, 2025).

Finally, the Court exercises its discretion under Rule 65(c) to dispense with the filing of bond. "[T]here is no realistic likelihood of harm to the [Respondents] from enjoining [their] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). Therefore, no security is

needed to ensure that Respondents will be reimbursed for "costs and damages sustained by . . . hav[ing] been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

## IV.    ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioners' Motion for Temporary Restraining Order is **GRANTED** to preserve the status quo pending further briefing and a hearing on this matter.  Respondents are **ORDERED** to immediately release Petitioners from Respondents' custody and **ENJOINED AND RESTRAINED** from re-detaining Petitioners without notice and a pre-deprivation hearing before a neutral decisionmaker, and from removing Petitioners from the United States.[1]  This Order shall remain in effect until **Friday, September 12, 2025**.

Respondents shall provide a status report confirming Petitioners release by **Saturday, August 30, 2025 at 3 p.m**.

Respondents are **ORDERED TO SHOW CAUSE** in-person at a hearing before Judge Edward M. Chen **on September 11 at 1:30 p.m.** why a preliminary injunction should not issue. Respondents shall file a response to Petitioner's motion by no later than **September 5, 2025**.  Any reply shall be filed by **September 9, 2025**.

**IT IS SO ORDERED**.

Dated: August 29, 2025

_____
EDWARD M. CHEN
United States District Judge

---

[1] Petitioners also asks the Court to order that they remain within the Northern District of California in order to preserve this Court's jurisdiction, but it is well-established that "when the Government moves a habeas petitoner after [he or she] properly files a petition naming [his or her] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).